# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | 3:20-mj-00052 |
| v. | |
| **YAMINI POTTER** | |
| Defendant. | |

TO:   Matthew A. Campbell, Esq., FPD
      Alessandra Parisi Serano, Esq., AUSA

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Yamini Potter's Motion for Recusal (ECF No. 24) of Magistrate Judge George W. Cannon, Jr., the government's Opposition thereto (ECF No. 35), and Potter's reply (ECF No. 37).

### I.   BACKGROUND

On August 11, 2020, the government filed a criminal complaint against Potter for 80 counts of wire fraud, 2 counts of impersonating an officer of the United States, 1 count of obstruction of justice, 2 counts of acting in assumed character, and 1 count of grand larceny (ECF No. 1). The next day, Magistrate Judge Ruth Miller recused herself from the case (ECF No. 2). Soon after, the government moved for an emergency no-contact order because Potter contacted victims while posing as someone else in order to obtain funds (ECF No. 14 at 1). The Court granted the government's motion and prohibited Potter from contacting,

*United States of America v. Yamini Potter*
3:20-mj-00052
Memorandum Opinion and Order
Page 2

either directly or through other persons, any of the individuals named in the criminal complaint (ECF No. 15).

On September 21, 2020, the government filed a second criminal complaint against Potter for criminal contempt and obstruction of justice.[1] The government later moved to revoke Potter's communication privileges because he allegedly assumed the identities of Virgin Islands Attorney General Denis George, U.S. Magistrate Judges Ruth Miller and George W. Cannon, Jr., Former Lt. Gov. Osbert Potter, and former District Court Judge Curtis Gomez to obtain money from victims to fund a fictitious lawsuit (ECF No. 20). A few days later, Potter moved to recuse Magistrate Judge Cannon from these proceedings because he may become a potential witness and victim now that Potter has impersonated him (ECF No. 24).

On October 5, 2020, The Court denied Potter's motion for recusal from the bench and advised the government and Potter that a written order would follow.

## II. APPLICABLE LEGAL STANDARDS

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (2018).

"The test for recusal under § 455(a) is 'whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be

---

[1] This second criminal complaint is filed under case number 3:20-mj-00061 as ECF No. 1.

*United States of America v. Yamini Potter*
3:20-mj-00052
Memorandum Opinion and Order
Page 3

questioned.'" *In re Kensington Int'l, Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003) (citing *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987)). When identifying bias, "section 455(a), by providing for recusal when a judge's impartiality may 'reasonably be questioned'… mandates an objective rather than a subjective inquiry." *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994) (citing *Liteky v. United States*, 510 U.S. 540, 553 n.2, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). "[T]he objective reasonable person standard should be applied to the actual facts underlying a litigant's claim of bias, not merely bald allegations made in support of a motion for recusal." *Manley v. Maran*, No. 02-2504, 2005 U.S. Dist. LEXIS 53180, at *3 (D.N.J. Mar. 1, 2005).

When applying the objective reasonable person standard, "'a judge [has] a degree of discretion in disqualification decisions under section 455(a) that is not present in section 455(b) decisions."[2] *United States v. Salemme*, 164 F. Supp. 2d 49, 52 (D. Mass. 1998) (citing S. Hoekema, *Questioning the Impartiality of Judges: Disqualifying Federal District Court Judges Under 28 U.S.C. § 455(a)*, 60 Temp. L.Q. 697, 727 (1987)). "[B]ecause judges are presumed to be impartial, 'the Court must begin its analysis of the allegations supporting …

---

[2] 28 U.S.C. § 455(b) sets out five circumstances in which a justice, judge, or magistrate judge of the United States must disqualify himself. *See* 28 U.S.C. § 455(b)(1)-(5) (2018). Since Potter moves for recusal under § 455(a), this Court will not entertain § 455(b) or related caselaw (*see* ECF No. 24 at 1, 2 & n.1). Although Potter phrases his motion as brought under 28 U.S.C. § 455 in general, he only cites to § 455(a) in his analysis and states that his motion "cast[s] no aspirations regarding the judge's actual impartiality" and that because the "circumstances [] in which Magistrate Judge Cannon is alleged to be a victim and may be a witness, a detached, neutral observer would have doubts regarding impartiality" (*see id*. at 1, 2 & n.1). Additionally, counsel for Potter stated at the October 5, 2020 hearing that he raised the motion under the "appearance of impropriety prong" as opposed to "a claim of demonstration of actual bias." *Audio Transcript of Hearing*, October 5, 2020 at 9:14:07 to 9:14:20.

*United States of America v. Yamini Potter*
3:20-mj-00052
Memorandum Opinion and Order
Page 4

a request [for recusal] with a presumption against disqualification.'" *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 19, 22 (D.D.C. 2010) (citing *Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C. 2003)).

Even if a judge is threatened by a defendant,[3] "recusal is not ordinarily or routinely required" and "a judge may appropriately decline to recuse himself." *See In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008), *cert. denied sub nom. Basciano v. U.S. Dist. Court for the Eastern Dist. Of New York*, 555 U.S. 1177 (2009) (citations omitted). "[E]ven an *actual* threat is not ordinarily sufficient, by itself, to require recusal." *Bilzerian*, 729 F. Supp. 2d at 23. A motion to recuse is unjustified where it does not relate to the underlying charges but instead to threatening letters sent to judges. *U.S. v. Williams*, No. 7:10-17-DCR, 2010 WL 3120189, at *2 (E.D. Ky. Aug. 5, 2010).

A defendant should not be allowed "to use such a plot or threat as a judge-shopping device." *In re Basciano*, 542 F.3d at 957 (referencing *In re Aguinda*, 241 F.3d 194, 201-02 (2d Cir. 2001)). Parties should not "be allowed to create the basis for recusal by their own deliberate actions" because "[t]o hold otherwise would encourage inappropriate 'judge shopping.'" *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990).

---

[3] Although Potter did not threaten Magistrate Judge Cannon but allegedly impersonated Magistrate Judge Cannon while threatening others, this caselaw is applicable because it presents a situation where a judge may become a victim.

*United States of America v. Yamini Potter*
3:20-mj-00052
Memorandum Opinion and Order
Page 5

### III. THE PARTIES' POSITIONS

Potter moves for the recusal of Magistrate Judge George W. Cannon, Jr. under 28 U.S.C. § 455(a). Potter argues that since Magistrate Judge Ruth Miller recused herself presumably because she became a potential victim and witness after he impersonated her, his impersonation of Magistrate Judge Cannon also justifies recusal because of the appearance of impropriety (ECF No. 24 at 2-3).

The government responds that Magistrate Judge Miller recused herself because the criminal complaint charged Potter with impersonating her, but the criminal complaint does not charge Potter for impersonating Magistrate Judge Cannon (ECF No. 35 at 4). Thus, the government argues that "[t]here is no objective reason to question" the impartiality of Magistrate Judge Cannon in these proceedings (*id*. at 4). The government also argues that granting recusal would encourage tactics like judge-shopping and "unjustifiably delay these proceedings" (*id*.).

Potter replies to the government's opposition with seven points:

- First, although the government argues that Potter should not be allowed to judge-shop, the government seeks to dictate which judge will preside over the case (ECF No. 37 at 2).

- Second, the government presents an overly simplistic view of this matter because Magistrate Judge Cannon will also decide several pending motions, including, *inter alia*, whether to revoke phone privileges, except for attorney-

*United States of America v. Yamini Potter*
3:20-mj-00052
Memorandum Opinion and Order
Page 6

- client calls, due to allegations that Potter violated a no-contact order (*id.* at 2).[4]

- Third, should Magistrate Judge Cannon preside over this case he will decide the sufficiency of the evidence, including allegations that he is a victim (*id.*).

- Fourth, the government has stated that it has not charged Potter for impersonating Magistrate Judge Cannon, but not that it will not do so later which aggravates the appearance of impropriety (*id.*).

- Fifth, Magistrate Judge Cannon could still be called as a witness even if the government does not charge Mr. Potter with impersonating Magistrate Judge Cannon (*id.* at 3).

- Sixth, Potter has not engaged in "a concerted campaign" against Magistrate Judge Cannon, so the caselaw cited by the government does not apply here (*id.* at 4).

- Seventh, recusal of Magistrate Judge Cannon will not unduly delay proceedings because district judges in the USVI, retired magistrate judges, or off-island judges via video may preside over this matter (*id.*).

At the October 5, 2020 hearing, the government stated that it has not filed charges against Potter for impersonating Magistrate Judge Cannon, so Potter's argument is not at

---

[4] Potter asserts that this decision, among others, places Magistrate Judge Cannon "in the role of victim, judge, jury and (figuratively) executioner" (*id.*).

*United States of America v. Yamini Potter*
3:20-mj-00052
Memorandum Opinion and Order
Page 7

issue now. *Audio Transcript of Hearing*, October 5, 2020 at 9:20:03 to 9:20:17. The government also stated that as a policy matter this Court should deny recusal because Potter could be able to "kick off members of the judiciary or of the prosecution team by simply impersonating them." *Id*. at 9:20:25 to 9:20:40. The government conceded that should it charge Potter for impersonating Magistrate Judge Cannon the Court could revisit the motion for recusal. *Id*. at 9:21:17 to 9:21:20. Potter argued that the government has failed to provide authority that actual charges need to be filed before the Court may decide recusal. *Id*. at 9:21:35 to 9:21:41.

## IV. DISCUSSION

As a threshold matter, this Court must determine whether a reasonable person, apprised of all the facts, would question Magistrate Judge Cannon's impartiality in the case. *See In re Kensington Int'l, Ltd*., 353 F.3d at 220.

Here, Potter asserts that the government has disclosed discovery, including phone calls, and that the Federal Public Defender's Office is still processing and reviewing discovery, which "may take some time" (ECF No. 24 at 2). Potter continues that "[b]ased on that discovery, it appears that the factual allegations involving Magistrate Judge Cannon are functionally equivalent to those involving Magistrate Judge Miller" (*id*. at 2). Potter then asserts the government's allegations that Potter impersonated Magistrate Judge Cannon to "defraud victims of money" and did so "to tamper with witnesses and obstruct justice" (*id*.). With these allegations, Potter concludes that Magistrate Judge Cannon is a potential victim

*United States of America v. Yamini Potter*
3:20-mj-00052
Memorandum Opinion and Order
Page 8

and witness in this matter and "may need to testify … that he is not the person speaking during the phone calls" made by Potter himself (*id.* at 2). A reasonable person would not find that these bald allegations put the impartiality of Magistrate Judge Cannon at question. *Manley*, 2005 U.S. Dist. LEXIS 53180, at *3. At this point in time, the Federal Public Defender's Office is still reviewing discovery, including phone calls, provided by the government that detail Potter impersonating Magistrate Judge Cannon. At present there are no charges against Potter involving Magistrate Judge Cannon or any indication by the government that there will be. In addition, the government has indicated that Magistrate Judge Cannon will not be a witness.

The Court may deny the motion for recusal on the above reason alone, but it entertains a few other points below that also support its decision. First, even if Magistrate Judge Cannon was a victim, recusal is not mandatory and the Court may exercise a degree of discretion under § 455(a). *See In re Basciano*, 542 F.3d at 956; *Salemme*, 164 F. Supp. 2d at 52. Second, since the motion for recusal is not based on underlying charges that Potter impersonated Magistrate Judge Cannon but on threatening phone calls in which Potter impersonated him, recusal is unwarranted. *See U.S. v. Williams*. 2010 WL 3120189, at *2.[5] Third, at this time the Court finds it inappropriate to grant recusal based on Potter's deliberate actions of impersonating federal judges because doing so would encourage judge-shopping. *See Owens*, 902 F.2d at 1156.

---

[5] Should the government file a third criminal complaint against Potter for impersonating Magistrate Judge Cannon, a motion for recusal on this ground may be ripe for adjudication.

*United States of America v. Yamini Potter*
3:20-mj-00052
Memorandum Opinion and Order
Page 9

WHEREFORE, it is now **ORDERED**:

Defendant's Motion for Recusal (ECF No. 24) is **DENIED**.

                                                                                       ENTER:

Dated: October 7, 2020                          /s/ George W. Cannon, Jr.
                                                                                     GEORGE W. CANNON, JR.
                                                                                     MAGISTRATE JUDGE